UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FIRST NATIONAL BANK OF MANITOWOC,

    Plaintiff,

v.                                           Case No. 03-C-241

THE CINCINNATI INSURANCE COMPANY,

    Defendant.

**ORDER**

Before me presently are the plaintiff's motion for prejudgment interest and the defendant's motion for reconsideration of my ruling on summary judgment.

**1. Reconsideration**

Defendant Cincinnati Insurance has filed a somewhat vociferous motion for reconsideration, arguing at length that my decision on summary judgment in favor of First Bank was not just erroneous, but that it contravened decades of jurisprudence, bond interpretation, and common sense. As noted in a previous ruling on a motion for consideration filed in this case, to prevail the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). A Rule 59(e) motion is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary

circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture,* 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Cincinnati's motion reads like an appellate brief, raising no new issues I had not already considered at length, nor citing any binding precedent that I disregarded. To be sure, if I were convinced I had erred, I would not rely strictly on Rule 59 standards to shield my earlier opinion. Instead, I would not hesitate to issue a corrected opinion in order to save litigants the time and expense of a needless appeal. But that is not the case here. The issues are difficult, certainly, and there is substantial case law on Cincinnati's side. None of it, however, is precedent that binds this court, and I restate my conclusion here that the plain language of the bond at issue in this case does not lend itself to the construction Cincinnati presses. Thus, it is for another body to determine whether my conclusion is correct or not, and I will accordingly deny the motion for reconsideration.

## 2. Interest

First Bank has filed a Rule 7.4 motion seeking to establish its right to 12% interest under Wis. Stat. § 628.46(1). That section punishes insurers for failure to pay claims in a timely fashion, but it does not apply if an insurer has "reasonable proof to establish that the insurer is not responsible for the payment." Cincinnati has reasonable proof in this case. If "the coverage issue was fairly debatable," the insurer will be considered to have had the required "proof" of nonresponsibility, and that is certainly the case here. *Allstate Ins. Co. v. Konicki,* 519 N.W.2d 723, 730 (Wis. Ct. App.1994). To hold otherwise would be to impose a 12% penalty every time an insurer contests liability and loses, which would inhibit the ability of insurers to defend the policies they draft. Accordingly, I will decline to award interest under the statute.

First Bank also claims a right to common law interest of 5%. "[P]rejudgment interest is recoverable at common law in cases . . . where the damages are 'liquidated or liquidable,' that is, where the amount is either liquidated 'or determinable by reference to some objective standard.' " *Id.* It seems that Wisconsin courts allow interest to be awarded when the central issue is liability–a legal issue–rather than a factual determination of damages. *See, e.g., Teff v. Unity Health Plans Ins. Corp.,* 2003 WI App 115, 666 N.W.2d 38, 54 (Wis. Ct. App. 2003). This distinction makes sense. For example, suppose that the real dispute in a case is the bona fide factual question of whether one's damages for breach of contract are $1 million or $10,000; in that instance it would not be fair (generally speaking) to award the successful plaintiff interest if he wins the full $1 million judgment, largely because the interest awarded would vastly exceed the defendant's own assessment of damages. As the Wisconsin Supreme Court noted in *Jones v. Jenkins,* "[w]here the dispute goes to the very method of calculating the amount owed, prejudgment interest is not appropriate." 277 N.W.2d 815, 821 (Wis. 1979).

On the other hand, when there is no dispute about how damages are to be calculated, an award of prejudgment interest is appropriate. As the court noted in *Teff,* "In *Jones,* the contract language determining the amount owed was ambiguous, meaning there were two reasonable constructions of that language. In this case there was only one reasonable construction, and, thus, by definition a reasonably certain standard by which Unity could determine the amount of reconciliation payments it owed." *Id.* at 54. And, as the *Jones* court itself observed*,* "a difference of opinion regarding the amount due would not be an excuse for not making payment." 277 N.W.2d at 821.

3

It seems this case is something of a hybrid of the two types of cases discussed above. There were outstanding factual issues regarding the damages claimed. Cincinnati did not concede (until very recently, upon the parties' agreement) that the amount of loss was correct as a factual matter. Throughout this litigation, it maintained that First National Bank's calculations overstated the amount of loss by at least $400,000. For instance, at summary judgment, the bank claimed damages of roughly $2.2 million, whereas in its proof of loss it had claimed only $1.773 million. Following my decision on summary judgment, the parties stipulated that the proper amount was $1,749,831.31. Thus, there were significant, if not substantial, disputes about the calculation of damages in this case. The vast majority of this case, however, turned on the legal issue of whether Cincinnati was, or was not, liable under the bond. If it was liable (as I have found it was), it was liable to First Bank at the time the bank submitted its proof of loss. Given that fact, the award of interest would seem appropriate.

The Wisconsin Supreme Court has provided useful guidance in *Dahl v. Housing Authority of Madison,* 194 N.W.2d 618 (Wis. 1972). The court in *Dahl* recognized that the test in such cases turns on whether the amount claimed could be readily ascertainable or fixed, conceding that the determination of that issue was often difficult. One useful tool a court can use in making the determination is the "degree of success of the objecting party in disputing the amount claimed." *Id.* at 623. Thus, in a case in which the plaintiff won only about half of what it originally claimed, an award of prejudgment interest would be improper. *Id.* But, in another case, when a plaintiff's ultimate judgment was only short by about 7.5% of what it originally claimed, interest was properly awarded. The theory is that the plaintiff's degree of success can often provide some evidence (either way) as to whether the damages were ascertainable at the outset. The test, the court noted, still

4

looks at whether the amount is calculable *ab initio*, "but the variance between claim and court award can be used to determine whether the test was met." *Id.* Applying that rationale to this case, it is evident that the damages in this case were in fact calculable at the time First Bank submitted its proof of loss. Indeed, Cincinnati's later agreement that the amount of damages was only 1.3% lower (roughly $23,000) than the amount First Bank originally claimed evidences the fact that the damages here, while not exactly certain at the outset, were nevertheless quite predictable.[1]

The court of appeals has more recently applied the rationale of *Dahl* in a similar case. In *Madison Crushing & Excavating Co. v. Volkmann R.R. Builders, Inc.,* the court found the damages readily calculable and affirmed the award of interest.

> The damages claimed by Volkmann were easily determinable by a reasonably certain standard of measurement--cubic yards of material removed, number of truckloads of brush cut and hauled from beyond the twenty-two-foot corridor and number of linear feet of ditching. . . . <u>Schnepf did not deny Volkmann's claim for $296,064 because of a dispute as to the number of cubic yards of material removed, or the truckloads of trees and brush removed. He denied the claim because he believed that Volkmann was required by the parties' contract to do, for a set sum, all work within the right-of-way that Schnepf determined should be done. The question was one of contract interpretation,</u> not of the extent or quality of work done. It is well settled that a difference of opinion as to whether money is owed does not prevent prejudgment interest from accruing.

2003 WI App 22, 657 N.W.2d 439, 2002 WL 31721170, *12 (Wis. Ct. App. 2002)(emphasis added). The same analysis applies here. Cincinnati did not deny coverage on the grounds that the damages claimed by First Bank were incorrect; it denied coverage because it believed it had a contractually based right to do so. Awarding interest here ensures that a plaintiff does not lose

---

[1] This is not to suggest that Cincinnati is somehow being penalized for coming to an agreement on the proper damages figure. Either way, the damages claimed at all stages of this litigation were within the ballpark, which suggests the plaintiff's damages were in fact ascertainable at the outset.

5

money it is owed due to inflation and lost investment opportunities, and at the same time it prevents an insurer from holding back payment as long as possible in the comfort that its gains from the ability to usefully employ the funds in question will far outpace any attorney's fees and other costs generated in the interim.

Accordingly, I conclude interest in the amount of 5% should be awarded on the damages here ($1,749,831.31) from April 2, 2002, the date First Bank submitted its proof of loss. The plaintiff is directed to submit a proposed judgment to that effect within 10 days of the date of this order. **SO ORDERED**.

**IT IS FURTHER ORDERED** that the motion for reconsideration is **DENIED**.

Dated this   28th   day of November, 2005.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge